**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

JS - 6
O

Case No. SA CV 12-0648 DOC (AN)                                             Date: June 29, 2012

Title: DEUTSCHE BANK NATIONAL TRUST COMPANY V. RONNIE ALLEN LYLES, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

|  Julie Barrera  | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                              NONE PRESENT

PROCEEDING (IN CHAMBERS): GRANTING PLAINTIFF'S MOTION TO REMAND

      Before the Court are two motions: (1) a Motion to Remand (Dkt. 10) filed by Plaintiff Deutsche Bank National Trust Company's ("Plaintiff"); and (2) a Motion to Dismiss (Dkt. 8) filed by Defendant Ronnie Allen Lyles ("Defendant"). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. After considering the moving and opposing papers, the Court GRANTS the Motion to Remand and DENIES AS MOOT the Motion to Dismiss.

      In addition, the Court also GRANTS IN PART Plaintiff's request for sanctions against Defendant to deter future frivolous attempts at removal. Specifically, if Defendant ever again attempts to remove this case, his Notice of Removal must also include a brief ("Vexatious Litigant Brief") of no more than 10 pages citing this Order and explaining why he should not be held in contempt and deemed a vexatious litigant under the four-factor test announced in *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057-58 (9th Cir. 2007) ("The All Writs Act, 28 U.S.C.§ 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants"). If Defendant's Vexatious Litigant Brief is not sufficient, this Court shall proceed to designate Defendant a vexatious litigant and this Order will serve as the "notice" required for such a designation. *See id.* at 1057 ("[F]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.")

## I. Background

On July 13, 2011, this unlawful detainer action was filed by Plaintiff in the Superior Court of California, Orange County, under case number 30-2011-00490709 for the residence at issue here ("Property"). *See* Pl.'s Request for Judicial Notice (Case No. 12-0648, Dkt. 10-2) Ex. 2 (Complaint). Plaintiff is the current owner of the Property, having obtained its ownership interest by way of a non-judicial foreclosure. *See id.* at Ex. 1.

### A. Defendant's Bankruptcy Filing Just Before the Foreclosure Sale

Three bankruptcies were filed on behalf of the Defendant between May of 2009 and September of 2011; the timing of Defendant's bankruptcy filings reflect a patter of delay and all of these bankruptcy cases were dismissed. *See id.* at Exs. 5, 6,7. For example, Defendant filed his second bankruptcy on August, 10, 2010—just prior to the foreclosure sale—and this bankruptcy case was dismissed a little more than a month later on September 15, 2010. *See id.* at Ex. 6.

### B. Defendant's Multiple Removals Just Before Dispositive Decisions

Trial in this case was set for March 19, 2012, but was continued due to Defendant's first removal to this Court on March 16, 2012. *See* Notice of Removal (Case No. 12-0427, Dkt. 1). This Court remanded on April 24, 2012, due to Defendant's failure to file an opposition to Plaintiff's motion to remand. *See* Notice of Removal (Case No. 12-0427, Dkt. 18).

On April 26, 2012—**two days after this case was remanded**—Defendant once again removed this case. *See* Notice of Removal (Case No. 12-0648, Dkt. 1). Defendant's second Notice of Removal was filed the same day that Plaintiff's Motion for Summary Judgment was scheduled to be heard.

## II. Legal Standard

Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c). In order to remove a case under 28 U.S.C. §§ 1441 and 1446, all served defendants must join in the notice of removal, all state court pleadings must be attached, and removal must be effected within 30 days of the first-served defendant being served or of the action that demonstrated grounds for federal jurisdiction. *See* 28 U.S.C. § 1446(b). The Notice of Removal must contain as short and plain statement of the grounds for removal. *Id.* at § 1446(a).

Additionally, removal of state actions is allowed only if the plaintiff could have originally filed the action in federal court. *See* 28 U.S.C. § 1441. "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.), Inc*., 167 F.3d 1261, 1265 (9th Cir. 1999); *see Gaus v.*

*Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Any civil action filed in state court of which the district courts have original jurisdiction founded "on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." *See* 28 U.S.C.A. § 1441(b). Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought. *Id.* If based on diversity, notice of removal must allege citizenship of all parties and the amount in controversy, if not pled in the state court complaint.

### III.     Discussion

Defendant's instant attempt to remove this case to the Superior Court of Orange County is procedurally defective for so many reasons. The Court discusses just one. Pursuant to 28 U.S.C. § 1446, a defendant's notice of removal "shall be filed within thirty days after the receipt . . . of a copy of the initial pleading." 28 U.S.C. § 1446(b). Here, Plaintiff served Defendant on August 15, 2011, and Defendant *answered* Plaintiff's Complaint on August 23, 2011. *See* Pl.'s Request for Judicial Notice (Case No. 12-0648, Dkt. 10-2) Exs. 3 (Service), 4 (Answer). Thus, Defendants' second removal occurred more than *seven months* after the deadline for removal and long after Defendant had begun litigating this case.

Because Defendant's removal is exceedingly untimely, the Court GRANTS Plaintiff's motion for remand.

### IV.     Disposition

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand and ORDERS that this action shall be remanded to the Superior Court of the State of California, County of Orange. Because the Court has granted the Motion to Remand, the Court DENIES AS MOOT the Motion to Dismiss.

The Court also GRANTS IN PART Plaintiff's request for sanctions against Defendant to deter future frivolous attempts at removal. Specifically, if Defendant ever again attempts to remove this case, his Notice of Removal must also include a brief ("Vexatious Litigant Brief") of no more than 10 pages citing this Order and explaining why he should not be held in contempt and deemed a vexatious litigant under the four-factor test announced in *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). If Defendants' Vexatious Litigant Brief is not sufficient, this Court shall proceed to designate Defendant a vexatious litigant and this Order will serve as the notice required for such a designation.